### JURISDICTION IN THE MATTER OF A ROAD IMPROVEMENT.

Court of Appeals for Morrow County.

GEORGE C. GRUBER v. C. F. OSBORN ET AL, COMMISSIONERS OF MORROW COUNTY.

Decided, 1916.

*Roads—Whether Requisite Number of Land Owners Have Petitioned for a Road Improvement, Determined How—Part of Section 6929 of the Garrett Law Void for Uncertainty.*

Whether county commissioners have jurisdiction under the Garrett law to proceed with a road improvement is to be determined by the provision of Section 6926 for a petition by "a majority of the resident owners of real estate situated within one mile of the road," without reference to a provision of Section 6929 which eliminates "land owners residing within a municipality," the said provision of Section 6929 being void for uncertainty.

POWELL, J.

This action is before this court upon a motion to dissolve a temporary restraining order heretofore allowed in the court of common pleas, and which came into this court by appeal from a judgment of the court of common pleas making said injunction perpetual.

The question presented arises upon the statutes relative to the construction or improvement of public highways, and was begun under what is known as the Garrett law, which begins with Section 6926 of the General Code, and ends with Section 6956 of said code. The particular question to be decided is as to whether or not, under the provisions of these statutes, the commissioners had jurisdiction to order the improvement prayed for, because the petition for such improvement or construction was not signed by a majority of the resident owners of land lying within one mile of the proposed road.

It is provided by Section 6926 that when a majority of the resident owners of real estate situated within one mile of a public road present a petition to the board of county commissioners asking for the grading and improving of such road, they shall go upon such road and take such proceedings as are provided in said statutes.

The particular question presented in this case arises under the latter part of Section 6929 of the General Code, which reads as follows:

"It shall not be necessary in determining such majority petitioners to count land owners residing within a municipality."

The question arises upon this state of facts, to-wit: that there are sixty-three lots of land to be assessed; that there are nine non-resident owners who can not be counted in determining whether a majority have signed the petition; that fourteen of the remaining tracts are owned by persons living within a municipality and more than one mile from the road to be improved; that the total number of signers to the petition is twenty-two, and that the fourteen tracts of land owned by persons living within a municipality are not counted in determining whether a majority have signed the petition.

It is contended by the commissioners that the owners of these fourteen tracts should not be counted by reason of the provision contained in Section 6929 above mentioned, and that twenty-two constitute a majority of the land owners entitled to be counted.

The plaintiff in the action seeks to enjoin because the petition was not signed by a majority of the resident owners of land as provided by Section 6926. If the petition is signed by a majority, the order of the commissioners establishing such road was properly made. If it was not signed by a majority of the resident land owners, then the court was without jurisdiction to order said improvement to be made.

Upon examination of the statutes the court is of the opinion that the two sections above quoted are in conflict; that Section 6926 requires that a majority of the resident owners of real es-

tate situated within one mile of the road must sign the petition to give the commissioners jurisdiction under said statutes, while Section 6929 provides that if any one of said land owners resides within a municipality, it shall not be necessary that he be counted in determining such majority petitioners.

It is the opinion of the court that this provision of Section 6929 is void for uncertainty; that if it be construed to be mandatory, in that these owners residing within a municipality shall not be counted, then a new rule for determining majorities is established, which is in conflict with the generally well accepted rule for the determination of a majority. If it is not mandatory, but discretionary whether they shall be counted or not, at the option of the commissioners, then it would be in violation of the provisions of the Constitution which provide that all laws of a general nature shall operate uniformly throughout the state. We think that if such provision has any force and effect, it would only apply to such municipalities as are within the bounds of such proposed road improvement, or within one mile of either side of the road which is to be improved.

With this construction it follows that in either event the petition filed in this case is insufficient. It does not have a majority of the resident land owners within such improvement district, if such resident owners residing within the county are to be counted; nor does the petition show that the resident owners who reside within a municipality are residents of a municipality within one mile on either side of such proposed road.

For these reasons the court is of the opinion that the commissioners were without jurisdiction to make said improvement; that the injunction was properly granted, and the motion to dissolve the same will be overruled. Exceptions may be noted.

SHIELDS, J., and HOUCK, J., concur.